UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHINOOK USA, LLC | ) | Chapter 11 |
| | ) | |
| Debtor | ) | CASE NO. 15-30057-acs |
| _____ | ) | |
| | ) | |
| CHINOOK USA, LLC | ) | |
| | ) | |
| Plaintiff | ) | A.P. No. 15-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| DUCK COMMANDER, INC. | ) | |
| Attention:  Officer of Corporation | ) | |
| 117 Kings Lane | ) | |
| West Monroe, LA, 71292 | ) | |
| | ) | |
| Serve:  Registered Agent | ) | |
| Phil Robertson | ) | |
| 538 Mouth of Cypress Road | ) | |
| West Monroe, LA 71292 | ) | |
| | ) | |
| DAHLEN ASSOCIATES, INC. | ) | |
| Attention:  Officer of Corporation | ) | |
| 4450 El Camino Real | ) | |
| Atascadero, CA 93422 | ) | |
| | ) | |
| Serve:  Registered Agent | ) | |
| Rachel Daniel Dahlen | ) | |
| 900 Venice | ) | |
| Templeton, CA 93465 | ) | |

| | |
|---|---|
| 3292 BRANDS, LLC | ) |
| Attention:  Member of LLC | ) |
| 4450 El Camino Real | ) |
| Atascadero, CA 93422 | ) |
| | ) |
| Serve:  Registered Agent | ) |
| Rachel Daniel Dahlen | ) |
| 4450 El Camino Real | ) |
| Atascadero, CA 93422 | ) |
| | ) |
| Defendants | ) |
| | ) |

## COMPLAINT

Comes now Chinook USA, LLC ("Chinook," "Debtor," or "Plaintiff" herein) and for its complaint against Duck Commander, Inc. ("Duck Commander"), Dahlen Associates, Inc. ("Dahlen"), and 3292 Brands, LLC ("3292"), and collectively with Duck Commander and Dahlen, the "Defendants") respectfully states as follows:

## PARTIES

1. On January 9, 2015 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its assets and operate its business as a debtor in possession pursuant to §§ 1107(a) and 1108.[1]

2. Plaintiff is a Delaware limited liability company with its principal place of business in Prospect, Kentucky. At all times relevant herein, Plaintiff's primary business activities consisted of bottling, marketing, and selling "ready-to-drink" beverages such as iced tea and fruit drinks.

3. Duck Commander is a Louisiana corporation which conducts business within Kentucky and throughout the United States.

---

[1] All statutes cited herein refer to title 11 of the United States Code (the "Bankruptcy Code") unless otherwise specified.

2

4. Dahlen is a California corporation which purported to serve as the licensing agent for Duck Commander.

5. 3292 is a California limited liability company which, upon information and belief, is the successor in interest to Dahlen with respect to its agency relationship to Duck Commander.

6. Upon information and belief none of the aforementioned Defendants are registered to conduct business in the Commonwealth of Kentucky and none have designated an agent for service of process in the Commonwealth of Kentucky.

## JURISDICTION

7. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §1409 as this Court is the District in which Debtor's title 11 bankruptcy case is pending. This matter is a core proceeding pursuant to 28 U.S.C. §157.

## FACTS

8. On or around January 7, 2014, Chinook and Duck Commander entered into a Merchandising License Agreement (the "Agreement").

9. Pursuant to the Agreement, Duck Commander, as licensor, granted Chinook, licensee, the exclusive right and license to use, manufacture, have manufactured, sell, distribute and advertise iced tea, ready-to-drink teas and ready-to-drink beverages (collectively, the "Licensed Products") bearing or referring to Duck Commander's trademarks and images associated with Duck Commander Family Foods, Si Robertson, and/or Uncle Si (collectively, the "Licensed Properties").

10. Pursuant to the terms of the Agreement, Chinook's exclusive license was for an initial term of five (5) years.

11. As consideration for the exclusive license from Duck Commander, Chinook agreed to pay $250,000.00 to Duck Commander within five (5) days of execution of the Agreement (the "<u>Advance</u>") and an annual guaranteed minimum royalty of $1,000,000.00 payable in quarterly installments (each a "<u>Royalty Installment</u>").[2]

12. Furthermore, Duck Commander and Chinook agreed to terms of an endorsement and marketing strategy within the Agreement which called for social media activity, commercial shoots, and physical appearances by Si Robertson and other personalities affiliated with the Licensed Properties at events to promote Chinook's Licensed Products, namely "Uncle Si's Iced Tea."

13. As consideration for Duck Commander's commitment to facilitate and execute the marketing campaign, Chinook agreed to pay an endorsement fee of $1,000,000.00 in four (4) quarterly installments of $250,000.00 beginning June 30, 2014 (each an "<u>Endorsement Installment</u>").

14. Following execution of the Agreement, on or around January 13, 2014, Plaintiff caused its lender, Megan Properties, LLC ("<u>MP</u>"), to pay the Advance to Dahlen as agent for Duck Commander.

15. On January 18, 2014, Plaintiff caused MP to pay $1,000,000.00 to Duck Commander to demonstrate Plaintiff's financial ability and commitment to a successful launch of the Licensed Products. Upon Plaintiff's information and belief, Duck Commander utilized the $1,000,000 payment to finance its sponsorship of an April 2014 NASCAR race in Arlington, Texas, henceforth known as the "Duck Commander 500."

---

[2] Pursuant to the Agreement, each Royalty Installment was subject to adjustment upward based on net sales of the Licensed Products.

16. Subsequently, Plaintiff made two (2) additional transfers of $250,000.00 each to 3292 as agent for Duck Commander on or around June 28, 2014, and September 26, 2014 (collectively, with the January 13 and January 18 payments, the "Payments").

17. Notwithstanding the Transfers totaling $1,750,000.00 made pursuant to the Agreement, Defendants repeatedly failed or refused to facilitate implementation of the parties' agreed upon marketing strategies set forth in the Agreement.

18. In fact, in or around November 2014, representatives for Defendants informed Plaintiff, as a proffered excuse for non-performance, that A&E, the network responsible for the rapid growth of the Duck Commander brand through its *Duck Dynasty* reality show, had full control over the day-to-day activities of the personalities which comprised Duck Commander and the Licensed Properties.

19. Also in or around November 2014, Plaintiff discovered that Defendants had apparently licensed the Licensed Properties to other manufacturers and distributors of ready-to-drink beverages in direct contradiction of the exclusive license granted to Plaintiff.

## COUNT I – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
## Under §§548(a)((1)(B)(ii)(I) and 550

20. Plaintiff incorporates the allegations in paragraphs 1 through 18 herein.

21. The Payments constitute transfers of an interest in the Debtor's property.

22. Given Defendants' failure to comply with the Agreement, the Debtor received less than a reasonably equivalent value in exchange for the Payments.

23. The Debtor was insolvent on the dates the Payments were made or became insolvent as a result of the Payments.

24. Pursuant to 11 U.S.C. §§ 548 and 550, Debtor is entitled to recover from Defendants the amount of the Payments for the benefit of the Debtor and its creditors.

5

25. Based upon the foregoing, the Payments constitute avoidable fraudulent transfers pursuant to §548 of the Bankruptcy Code and pursuant to §550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of the Debtor: (i) avoiding the Payments pursuant to Bankruptcy Code §548; (ii) against Defendants in an amount not less than the Payments, plus interest from the date of the Payments and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turn over and pay such sum to the Debtor pursuant to Bankruptcy Code §550(a).

## COUNT II – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### Under §§548(a)((1)(B)(ii)(II) and 550

26. Plaintiff incorporates the allegations in paragraphs 1 through 24 herein.

27. The Payments constitute transfers of an interest in the Debtor's property.

28. Given Defendants' failure to comply with the Agreement, the Debtor received less than a reasonably equivalent value in exchange for the Payments and said payments left Debtor with unreasonably small capital.

29. Pursuant to 11 U.S.C. §§ 548 and 550, Debtor is entitled to recover from Defendants the amount of the Payments for the benefit of the Debtor and its creditors.

30. Based upon the foregoing, the Payments constitute avoidable fraudulent transfers pursuant to §548 of the Bankruptcy Code and pursuant to §550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of the Debtor: (i) avoiding the Payments pursuant to Bankruptcy Code §548; (ii) against Defendants in an amount not less than the Payments, plus interest from the date of the Payments and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turn over and pay such sum to the Debtor pursuant to Bankruptcy Code §550(a).

## COUNT III – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### Under §§548(a)((1)(B)(ii)(III) and 550

31. Plaintiff incorporates the allegations in paragraphs 1 through 55 herein.

32. The Payments constitute transfers of an interest in the Debtor's property.

33. Given Defendants' failure to comply with the Agreement, the Debtor received less than a reasonably equivalent value in exchange for the Payments and said payments intended to incur, or did cause Debtor to incur debts that would be beyond the Debtor's ability to pay.

34. Pursuant to 11 U.S.C. §§ 548 and 550, Debtor is entitled to recover from Defendants the amount of the Payments for the benefit of the Debtor and its creditors.

35. Based upon the foregoing, the Payments constitute avoidable fraudulent transfers pursuant to §548 of the Bankruptcy Code and pursuant to §550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of the Debtor: (i) avoiding the Payments pursuant to Bankruptcy Code §548; (ii) against Defendants in an amount not less than the Payments, plus interest from the date of the Payments and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turn over and pay such sum to the Debtor pursuant to Bankruptcy Code §550(a).

WHEREFORE, Plaintiff, Chinook USA, LLC, demands judgment against Defendants for compensatory and punitive damages, including the following:

A. Avoidance of the Payments made;

B. Money judgment against Defendants in an amount not less than the Payments, plus interest from the date of the Payments in the amount not less than $1,750,000.00;

C. Punitive Damages in an amount to be proven at trial;

D. All costs and attorney's fees herein incurred; and

E. For such other and further relief as is just and proper.

7

        Respectfully submitted,

        /s/ Charity B. Neukomm
        DAVID M. CANTOR
        CHARITY B. NEUKOMM
        SEILLER WATERMAN LLC
        Meidinger Tower - 22nd Floor
        462 S. Fourth Street
        Louisville, KY 40202
        Telephone: (502) 584-7400
        Facsimile: (502) 583-2100
        E-mail: cantor@derbycitylaw.com
        E-mail: neukomm@derbycitylaw.com
        Attorneys for Debtor

G:\doc\DMC\CHINOOK USA\AP (DuckComm)\Pldgs\Complaint.docx